**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF IDAHO**

_____

| | |
|---|---|
| **In Re**<br><br>JAMES L. SHINGLETON,<br><br>     **Debtor.** | **Case No. 06-00012**<br>**Chapter 7** |

_____

**MEMORANDUM OF DECISION**

_____

**Appearances:**

  Jed W. Manwaring, EVANS, KEANE, Boise, Idaho, Attorney for Trustee.

  Howard R. Foley, FOLEY FREEMAN BORTON, Meridian, Idaho, Attorney for Debtor.

*Background and Facts*

  Debtor James Leroy Shingleton filed a voluntary chapter 7[1] petition on January 10, 2006. Docket No. 1. In Schedule B, Debtor disclosed he held

---

 [1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. 108-9, 119 Stat. 23 (Apr. 20, 2005); all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001– 9036; and all "Federal Rule" references are to the Federal Rules of Civil Procedure, Rules 1-86.

MEMORANDUM OF DECISION - 1

separate potential damage claims for wrongful repossession, trespass, and conversion against Idahy Federal Credit Union, ("IFCU"), and Idaho Banking Co., ("IBC"), respectively. The values of these causes of action were listed as "unknown." Debtor did not claim an exemption for any potential settlement or recovery from these actions in his Schedule C.

On August 3, 2006, Richard Crawforth, the chapter 7 trustee ("Trustee"), applied to the Court for authority to employ Howard R. Foley as special counsel to represent Trustee and the bankruptcy estate in litigation of the actions against IFCU and IBC.[2]  Docket No. 20.  The application was granted, Foley was employed by Trustee, and he thereafter filed an action against the creditors in Idaho district court.

Both Debtor and Trustee were named as plaintiffs in the state court suit.[3] Counsel for IBC appeared in the state court case, and also later filed a proof of claim in the bankruptcy case.  IBC was authorized to conduct a Rule 2004 examination of Debtor on December 15, 2006, which Trustee also attended.

---

[2] Mr. Foley is also Debtor's attorney in the bankruptcy case.

[3] Counsel indicated to this Court at hearing that Debtor was named as a party-plaintiff because, as he put it, "state court judges often want the debtor and the trustee to be parties so they have it all covered."  He indicated that he felt it was unnecessary to name Debtor, but that such a course of action at least made sense in this case because of the issue regarding the debtor's homestead claim, which may be implicated in the claim asserted against IFCU.  Trustee has not agreed to settle any claim against IFCU.

MEMORANDUM OF DECISION - 2

Thereafter, after "weighing the legitimate interest of the Estate in vindicating wrongful actions and recouping assets against the complexity of the case, the risk of loss, the potential for recovery, the difficulty in enforcing a judgment and the potential amount recoverable," Trustee determined it was appropriate and in the best interests of the estate and the creditors to compromise the claim against IBC. Docket No. 34, ¶ 14.

On May 2, 2007, the Court held a hearing on Trustee's Motion for Approval of Compromise related to the action against IBC.[4] The proposed compromise called for Trustee to dismiss with prejudice all claims against IBC in state court. In consideration for such dismissal, IBC agreed to disclaim any and all interest in various automobiles or trailers to which Mr. Shingleton had previously granted IBC security interests. In addition, IBC agreed to withdraw its proof of claim from the bankruptcy case and to not seek recovery from property of the estate. No objections to the proposed compromise were filed, nor did anyone appear at the hearing to oppose the compromise. After considering the record, and the comments of Mr. Foley, Trustee's bankruptcy counsel, and the attorney for IBC, all of whom supported the compromise, the Court approved the compromise

---

[4] The motion was filed by Trustee's bankruptcy counsel, Mr. Manwaring.

MEMORANDUM OF DECISION - 3

in its entirety and authorized Trustee to execute the proposed Settlement Agreement, a copy of which had been attached to the Motion. Docket No. 39.[5]

Problems apparently developed in consummating the settlement. On June 26, 2007, Debtor, represented by Mr. Foley, filed a Motion to Clarify or in the Alternative Set Aside the Amended Order Approving Compromise. Docket No. 42. Trustee, in turn, acting through his bankruptcy counsel, filed a Motion to Enforce Compromise Order. Docket No. 45. A consolidated hearing was conducted concerning these motions on August 21, 2007. At the conclusion of the hearing, the parties were given the opportunity to submit supplemental briefs. Docket Nos. 50, 51, and 52. The issues were thereafter taken under advisement. Having now carefully considered the record, the arguments of the parties, and the applicable law, the Court issues this Memorandum which constitutes the Court's findings of fact and conclusions of law and disposition of the issues. Fed. R. Bankr. P. 7052, 9014.

### *Analysis and Disposition*

---

[5] The original Order Approving Compromise was entered on May 7, 2006, Docket No. 37. The order referenced above is actually an Amended Order Approving Compromise entered May 10, 2007. The Amended Order deletes reference to a copy of the settlement agreement, which the original Order recited was attached, when indeed it was not. The Court does not deem this amendment significant in the context of the present dispute.

MEMORANDUM OF DECISION - 4

Debtor's Motion to Clarify or in the Alternative to Set Aside Amended Order Approving Compromise cites no statute, rule or other legal basis for the relief sought. Reading the motion fairly, the Court will treat it as a motion for relief from an order, authorized under Federal Rule 60(b), which is made applicable in bankruptcy cases by Rule 9024.

To prevail on a Federal Rule 60(b) motion, the moving party bears the burden of proving a justification for relief. *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988). However, because the rule is remedial in nature, it should be liberally applied. *Gregorian v. Izvestia*, 871 F.2d 1515, 1523 (9th Cir. 1989), *cert. denied*, 493 U.S. 891 (1989). Whether Federal Rule 60(b) relief should be granted is addressed to the sound discretion of the court. *Zimmerman v. First Fid. Bank* (*In re Silva*), 97.4 I.B.C.R. 118, 119 (Bankr. D. Idaho 1997), *aff'd* 185 F.3d 992 (9th Cir. 1999) (citing *Export Group v. Reef Indus., Inc.*, 54 F.3d 1466, 1468 (9th Cir. 1995)).

### A.     Debtor Has Not Satisfied His Burden Under Federal Rule 60(b).

Federal Rule 60(b)(1) provides that the Court may relieve a party from the effects of an order for "mistake, inadvertence, surprise, or excusable neglect[.]" The mistake, inadvertence, surprise, or excusable neglect referred to includes errors made by judicial officers as well as parties. *Wesco Prod. Co. v.*

MEMORANDUM OF DECISION - 5

*Alloy Auto. Co.*, 880 F.2d 981, 984-85 (7th Cir. 1989). The Court's treatment of Federal Rule 60(b) is not rigid, but requires the Court to equitably consider all relevant circumstances surrounding a party's, or its lawyer's, error or omission. *Pincay v. Andrews*, 389 F.3d 853, 856, 860 (9th Cir. 2004) (en banc) *cert. denied.*, 544 U.S. 961 (2005) (noting that the standard is an equitable one requiring a flexible approach, declining to adopt a strict *per se* rule) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)); *In re Bott*, 03.2 I.B.C.R. 125, 127 (Bankr. D. Idaho 2003).

Among the reasons Debtor offers as justification to set aside the order approving the compromise is unfair surprise. Debtor argues that the pleadings and events of this case "did not provide due notice or process to the Debtor that the Trustee was not only attempting to compromise the [bankruptcy] estate claim but the property rights of the Debtor in the damages suffered and owned by him." Debtor's Memorandum of Law in Support of Motion to Clarify or Set Aside Order of Compromise at 6, Docket No. 50.

The Court disagrees. Debtor was given both notice of Trustee's intention to compromise the state law claims against IBC, as well as the opportunity to appear at the hearing and be heard concerning the proposed settlement. A copy of the proposed Settlement Agreement was attached to

MEMORANDUM OF DECISION - 6

Trustee's Motion for Approval of Compromise. Docket No. 34. According to the record, a copy of the compromise motion was served upon Debtor's counsel, Mr. Foley, and the notice of the hearing on the motion was served on both Debtor and Mr. Foley. The Settlement Agreement is clear that, as a result of the compromise, all claims against IBC would be dismissed in the state court litigation. Moreover, Mr. Foley attended the hearing on the compromise motion and was given an opportunity to voice any concerns regarding the proposed compromise, but he made no objection. While the Court will not speculate regarding Debtor's strategy or reasoning in failing to object to the compromise under these circumstances, the result is that due process requirements have been satisfied, and Debtor cannot now legitimately argue unfair surprise for purposes of Federal Rule 60(b)(1).

Under Federal Rule 60(b)(6), the Court may grant relief from a judgment or order "for any other reason justifying relief from the operation of the judgment." While this is a seemingly "catch-all" phrase, the courts have construed it more narrowly. While Federal Rule 60(b)(1) has been interpreted to encompass errors made due to the 'mere neglect' of the party, Federal Rule 60(b)(6) is limited to errors or actions beyond the party's control. *In re Bott*, 03.2 I.B.C.R. at 126 (citing *Cmty. Dental Serv. v. Tani,* 282 F.3d 1164, 1170, n. 12 (9th Cir. 2002)); *see also, In re Anderton*, 00.1 I.B.C.R. 5, 8 (Bankr. D. Idaho 2001) (citing *United*

MEMORANDUM OF DECISION - 7

*States v. Washington*, 98 F.3d 1159, 1163 (9th Cir. 1996)) ("[R]ule 60(b)(6) is only to be applied in rare cases where a party was prevented by 'extraordinary circumstances' from seeking timely prevention or correction of an erroneous judgment."). To qualify for relief under Federal Rule 60(b)(6), a moving party must "show both injury and that circumstances beyond its control prevented timely action to protect its interests. Neglect or lack of diligence is not to be remedied through Rule 60(b)(6)." *In re Bott*, 03.2 I.B.C.R. at 126 (citing *Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998)) (internal citations omitted).

Debtor has failed to show that circumstances existed which were beyond his control and prevented him from taking timely action to protect his interests. Rather, under these facts, the ability to protect his interests, if necessary, rested within Debtor's own hands. Again, Debtor's counsel was present at the hearing on the proposed compromise armed with a copy of the Settlement Agreement, and raised no objections to the settlement. Having neglected to act through counsel on his own behalf at the hearing, Debtor cannot now seek to avoid the effects of the Court's order via Federal Rule 60(b)(6).

**B.     The Claim Against IBC is the Property of the Bankruptcy Estate.**

Debtor contends that the cause of action asserted against IBC in state court could, if litigated, potentially produce an award sufficient to pay all of

MEMORANDUM OF DECISION - 8

Debtor's creditors and all bankruptcy administrative expenses in full, with a surplus available for Debtor. Because of Debtor's asserted pecuniary interest, he argues that Trustee cannot compromise the claim against IBC.

While Debtor is correct in the sense that *if* this lawsuit resulted in an award sufficiently large to pay all creditors and administrative expenses, then Debtor would succeed to any surplus, Debtor's conclusion that Trustee therefore cannot settle the claim rests on a faulty foundation. Debtor misperceives the concept of property of the estate, and the chapter 7 trustee's role in the administration of that estate. Though Debtor concedes that the "claim" is property of the estate, he argues that any potential award or damages recovered would not be property of the estate. Debtor is simply incorrect. Debtor cites three cases to support his position, but none are on point, and more importantly, none are binding on this Court.

Section 541(a) provides that, upon commencement of a bankruptcy case, "all legal or equitable interests of the debtor in property as of the commencement of the case" become property of the estate. The concepts of the bankruptcy estate and the property that comprises it, are established cornerstones of the Bankruptcy Code. Congress intended the scope of the property of the estate to be extremely broad. *See In re Shaw Constr.*, 92 I.B.C.R. 90, 91 (Bankr. D.

MEMORANDUM OF DECISION - 9

Idaho 1992) (citing H.R. Rep. No. 595, 95th Cong., 1st Sess. 367-68 (1977) and S. Rep. No. 989, 95th Cong., 2d Sess. 82-83 (1978)).

Debtor appropriately listed his contingent tort claim against IBC on his Schedule B of personal property. Though no legal action against the alleged tortfeasor had yet been commenced, without doubt Debtor's cause of action against IBC, as well as any potential recovery resulting from those claims, became the property of his bankruptcy estate. *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 n.9 (1983); *Smith v. Arthur Andersen LLP*, 421 F.3d 989, 1002 (9th Cir. 2005); *Bronner v. Gill* (*In re Bronner*), 135 B.R. 645, 648-49 (9th Cir. BAP 1992).

Likewise, the chapter 7 trustee's role in administering the bankruptcy estate is well-settled. Indeed, it is perhaps the trustee's premier duty to "collect and reduce to money the property of the estate for which trustee serves, and [to] close such estate as expeditiously as is compatible with the best interests of parties in interest . . ." 11 U.S.C. § 704(a)(1). In performing this duty, the trustee is entitled to "possession, custody and control" of all estate property. 11 U.S.C. § 542(a). An entity that owes a debt that is property of the estate shall pay such debt to the trustee, not to the debtor. 11 U.S.C. § 542(b).

MEMORANDUM OF DECISION - 10

"Trustees have the discretion to negotiate settlements and to compromise disputes." *In re Rake*, 363 B.R. 146, 151-52 (Bankr. D. Idaho 2007). However, the Court must approve any such compromise or settlement. Fed. R. Bankr. P. 9019. While the bankruptcy court is given great latitude in approving settlement agreements, its discretion is not unlimited. *Woodson v. Fireman's Fund Ins. Co.* (*In re Woodson*), 839 F.2d 610 (9th Cir. 1988) citing *Martin v. Kane* (*In re A&C Properties*), 784 F.2d 1377, 1380-81 (9th Cir. 1986), *cert. denied sub nom. Martin v. Robinson*, 479 U.S. 854 (1986). A court may approve a proposed compromise only if it is "fair and equitable." *In re A&C Properties*, 784 F.2d at 1381. Thus, after a trustee exercises his discretion to compromise a claim, the Court must make an independent determination that the proposed compromise is fair and equitable. The court must consider "(a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views . . . ." *Id.* (citations omitted). However, even given this important judicial function:

> [I]t is inappropriate for the court to substitute its own judgment as to the wisdom of a proposed settlement for that of the trustee. The court need not engage in an exhaustive analysis of the law and merits of each

MEMORANDUM OF DECISION - 11

> claim, or the likelihood of the outcome, as doing so
> would in large part defeat the purpose of settlement.
> Rather, the court's role is to ensure that the trustee has
> exercised proper business judgment in making the
> decision to agree to the proposed settlement . . .

*In re Arkoosh Produce, Inc.* 03.3 I.B.C.R. 149, 153 (Bankr. D. Idaho 2003) (citations omitted).

Debtor concedes "the trustee is the representative of the estate and is required to make elections as to how to proceed with the claim." Debtor's Memorandum at 5, Docket 50. In this instance, Trustee decided how to proceed with the claim against IBC. After investigation of the facts, and consultation with his counsel, Trustee, in the exercise of his informed judgment, decided that the interests of the creditors dictates that the claim against IBC be compromised, rather than litigated to a conclusion. Trustee negotiated a compromise with IBC and sought court approval. At the hearing, Trustee articulated a legitimate factual and legal basis for his decision, no objections to his proposal were advanced by Debtor or any other interested party, and the Court, in the exercise of its discretion, found that the proposed settlement was indeed fair and equitable, it approved the compromise, and authorized Trustee to execute the proposed Settlement Agreement.

MEMORANDUM OF DECISION - 12

In *Kowal v. Makemus* (*In re Thompson*), 965 F.2d 1136 (1st Cir. 1992), the First Circuit Court of Appeals was called upon to resolve a similar dispute when the debtors objected to the proposed settlement of an adversary proceeding brought by the trustee against a creditor. In affirming the bankruptcy court's decision to approve the compromise under Rule 9019, the court explained:

> The baseline for appellants' opposition to the proposed settlement rests in their readiness to second-guess the informed judgment of the chapter 7 trustee, as well as the discretionary determination of the bankruptcy court . . . [T]he important policy favoring efficient bankruptcy administration normally will warrant judicial recognition that the chapter 7 trustee . . . rather than the chapter 7 debtor . . . is the more appropriate arbiter of the "best interests" of the chapter 7 estate.
>
> . . . .
>
> . . . Considering their radically diverse perspectives, it is not surprising that appellants are attracted by the glitter of further litigation financed at the expense of the chapter 7 estate . . . . Moreover, it is apparent that appellants' intuitive confidence in their own ability to outguess the chapter 7 trustee's settlement decision, as well as the bankruptcy court's settlement order, has more than a mite to do with the insignificance of their stake in the settlement. Thus, appellants' purpose is inapposite to the duty imposed on a chapter 7 trustee under the Code, since it is not so much the interests of the chapter 7 estate, as it is their self-interest, which appellants would have the chapter 7 trustee champion by refusing to settle the . . . litigation.

MEMORANDUM OF DECISION - 13

965 F.2d at 1145-46.

At this late stage, by withholding his signature on the Settlement Agreement, Debtor seeks to derail Trustee's compromise with IBC. The Court declines to allow Debtor to do so.

**C.     Trustee's Motion to Enforce Compromise Order.**

The Code authorizes this Court to issue any order necessary or appropriate to carry out the provisions of the Bankruptcy Code. Under these facts, to consummate the compromise approved by the Court in its order, the Court finds it necessary and appropriate to require Mr. Foley, in his status both as attorney for Debtor, and as special counsel for Trustee, to execute the stipulation necessary to obtain the dismissal of the claims against IBC in the state court litigation, and to perform all other actions necessary to comply with this Court's order. To this extent, then, Trustee's Motion to Enforce Compromise will be granted.

*Conclusion*

Debtor has failed to demonstrate that grounds exist for relief from the Court's Amended Order Approving Compromise. Debtor's Motion to Clarify, or in the Alternative Set Aside the Amended Order Approving Compromise, Docket No. 42, will be denied. To consummate the compromise, the Court finds it necessary and appropriate to require Mr. Foley to execute the stipulation for

MEMORANDUM OF DECISION - 14

dismissal of the state court claims against IBC. To that extent, Trustee's Motion to Enforce Compromise Order, Docket No. 45, will be granted. A separate order will be entered.

Dated: September 18, 2007

Honorable Jim D. Pappas
United States Bankruptcy Judge